# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **THERESA BRADLEY,** : | |
| : | |
| **Plaintiff,** : | **CIVIL ACTION FILE NO.** |
| : | **1:17-cv-2054-TWT** |
| **v.** : | |
| : | **[Magistrate Judge Baverman]** |
| **SAM OLENS, ANDREW** : | |
| **NEWTON, KATHY SCHWAIG,** : | |
| **and KATHRYN EPPS,** : | |
| *in their individual and official* : | |
| *capacities*; **KENNESAW** : | |
| **STATE UNIVERSITY; and** : | |
| **BOARD OF REGENTS OF THE** : | |
| **UNIVERSITY SYSTEM OF** : | |
| **GEORGIA,** : | |
| : | |
| **Defendants.** : | |

## UNITED STATES MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, submitted an affidavit to proceed *in forma pauperis* ("IFP") and her initial complaint on June 5, 2017. [Doc. 1]. The undersigned reviewed the application and found it nearly identical to an amended application to proceed IFP that is pending before the Court in another case, *Bradley v. Papp*, Civ. Action File No. 1:17-cv-1825-TWT (hereinafter, "*Papp*"), ECF No. 4. [Doc. 2]. In that case, the Court found that the application did not contain sufficient information to allow it to

make a determination regarding Plaintiff's indigency status, but it granted Plaintiff leave to perfect her application by completing the Court's *Local Form 239 (Non-Prisoner Cases) (07/09) Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)*. *Papp*, ECF No. 5. The application presently before the Court, being nearly identical to the application found wanting in *Papp*, also does not contain sufficient information to allow the Court to make a determination regarding Plaintiff's indigency status. Accordingly, on July 10, 2017, the undersigned entered an Order noting the above-described deficiencies and Ordering Plaintiff, within twenty-one days of the date of the entry of the Order, to perfect her application in the present case by completing the Court's *Local Form 239 (Non-Prisoner Cases) (07/09) Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)* or paying the full filing fee. [Doc. 2]. The Order also expressly advised Plaintiff that "[f]ailure to timely comply with this Order will result in a recommendation to the District Judge that this case be dismissed." [*Id*.]. More than forty-five days have passed, and Plaintiff has not complied with the Order or otherwise responded. (*See* Dkt.).

The Local Rules authorize the Court to dismiss a civil case for want of prosecution if the plaintiff, after notice, fails to obey a lawful order. LR 41.3(A)(2),

2

NDGa. As noted above, Plaintiff has not complied with the Court's July 10 Order, nor has she made any attempt to explain her failure to comply or to request an extension of time. (*See* Dkt.). Notably, Plaintiff has also failed to respond to the Order to Show Cause entered in *Papp*.

A district court may dismiss a complaint for failure to comply with a court order or the federal rules. *Skillern v. Ga. Dep't of Corrs. Com'r*, 379 Fed. Appx. 859, 860 (11th Cir. May 17, 2011). *See* Fed. R. Civ. P. 41(b); LR 41.3(A)(2), NDGa; *see also McIntosh v. Gauthier*, 182 Fed. Appx. 884, 886 (11th Cir. May 17, 2006) (stating that Federal Rule of Civil Procedure 41(b) allows a court to dismiss a complaint for failure to comply with a court order, with the federal rules or with the local rules); *Sussman v. Salem, Saxon, and Nielson*, 154 F.R.D. 294, 300 (M.D. Fla.1994) (dismissal appropriate for failure to obey a direct order of the court). "Dismissal is generally not an abuse of discretion when the litigant has been forewarned." *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (same). *Sua sponte* dismissal is appropriate "to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quotation omitted).

AO 72A
(Rev.8/82)

Because dismissal is considered a drastic sanction, a district court may only implement it, as a last resort, when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice. *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995); *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993) (citing a line of Eleventh Circuit cases which have consistently articulated this standard).

Plaintiff now has failed to comply with a lawful Order of the Court, despite several additional weeks having passed since the deadline to comply with the Order. The Court concludes that Plaintiff's failure to comply with the Court's Order is not mere negligence. *See Beavers v. American Cast Iron Pipe Co.*, 852 F.2d 527, 531 (11th Cir. 1988) ("A finding of such extreme circumstances necessary to support the sanction of dismissal must, at a minimum be based on evidence of willful delay; simple negligence does not warrant dismissal.").

In addition, the Court has considered lesser sanctions. The Court gave Plaintiff more than six weeks to correct the deficiencies in her IFP application. Most *pro se* plaintiffs in Plaintiff's position comply or advise the Court of either a misunderstanding of their legal obligations, or proffer some, usually personal, reason why compliance

4

with the directives of the Court could not be fulfilled. The Court almost always extends the time within which a *pro se* litigant had to comply with the directives of the Court. Plaintiff's failure to explain why she did not comply with an Order of the Court undercuts giving her another opportunity to comply as a viable alternative to dismissal.

The Court also has considered monetary sanctions, but given Plaintiff's requested IFP status, that likely is an illusory punishment. Moreover, since at issue is Plaintiff's failure to abide by lawful directive of the Court, monetary penalties will not redress her failure.

Accordingly, the undersigned **GRANTS** the application for IFP for the purposes of dismissal **ONLY**; **DIRECTS** the Clerk to refer the matter to the undersigned and docket the Report and Recommendation; **RECOMMENDS** that, pursuant to Local Rule 41.3(A)(2), Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE**; and **DIRECTS** the Clerk then to terminate the referral to the undersigned.

**IT IS SO ORDERED, RECOMMENDED, and DIRECTED**, this the 24th day of August, 2017.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE